O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GARBER, ) | Case No. CV 11-09745 DDP (RNBx) |
| ) | |
| Plaintiff, ) | **ORDER DENYING PLAINTIFF'S MOTION** |
| ) | **TO JOIN NEW DEFENDANT** |
| v. ) | |
| ) | [Dkt. No. 45] |
| HICKMAN #30355, in her ) | |
| official capacity as a ) | |
| detective for the Los ) | |
| Angeles Police Department, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Presently before the court is Plaintiff Robert Garber's Motion to Join LAPD Detective Larry Alvarez as a Defendant. Having considered the parties' submissions, the court DENIES the Motion.

Federal Rule of Civil Procedure 15(a), which governs requests for leave to amend pleadings, provides that the court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend should be freely given unless the opposing party makes a showing of undue delay, bad faith or dilatory motive, futility of amendment, or prejudice. Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ascon Properties, Inc. v.

1  Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989);
2  AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951
3  (9th Cir. 2006).
4      Here, Defendants have demonstrated both undue delay and
5  prejudice.  Plaintiff has known of Det. Alvarez' role in the
6  incident since Defendants disclosed him as a witness on April 20,
7  2012.  (Plowden Decl., Exhs. 1 & 2.)  Plaintiff made no attempt to
8  add Det. Alvarez as a Defendant until the eve of oral argument on
9  the cross-motions for summary judgment.  It would prejudice both
10 Det. Alvarez and Defendants to add a new defendant when the case is
11 so far advanced, and Plaintiff has not demonstrated good cause for
12 the long delay between discovering Det. Alvarez's role and moving
13 to add him as a defendant.
14     For these reasons, the Motion is DENIED.
15 IT IS SO ORDERED.

18 Dated: March 20, 2013

DEAN D. PREGERSON
United States District Judge

2